# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JAMES GLEASON | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-67 |
| | § | (Judge Mazzant/Judge Bush) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On June 29, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **AFFIRMED**.

On July 13, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #20), and Defendant filed its response to those objections on July 27, 2016 (*see* Dkt. #23).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendant's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

The Court first addresses Plaintiff's objection that the ALJ's failure to explicitly discuss whether Plaintiff met or medically equaled the requirements of Listing 1.04 was error. The Magistrate Judge found that the ALJ's thorough discussion of his findings cured any error in not specifically discussing why the Plaintiff did not meet a listing. Plaintiff argues that he met or medially equaled Listing 1.04 for his thoracic and/or cervical spine and that the ALJ's failure to specifically discuss this was not harmless.

Having reviewed the record, the Court finds that there is substantial evidence in the record, as specifically cited by Defendant and the Magistrate Judge, to support a finding that Plaintiff did not satisfy all of Listing 1.04A's precise criteria during the relevant period. Although Plaintiff relies on results of a March 2011 examination, the relevant period of Plaintiff's alleged disability onset date is January 2012 through November 2013. Listing 1.04A requires that all criteria be present on examination simultaneously. AR 15-1(4), 2015 WL 5697481, at *4. The record further contains another report from the same 2011 time period, which was addressed by the ALJ in his findings, indicating that Plaintiff did not meet the listing criteria. *See* Tr. 26, 231.

As to any argument by Plaintiff that the Magistrate Judge did not consider his thoracic and cervical impairments, the Magistrate Judge specifically addressed evidence regarding Plaintiff's thoracic spine. And, although the Magistrate Judge did not specifically discuss any evidence of cervical impairments, his report reflects a thorough review of the administrative record and supports the finding that Plaintiff did not satisfy Listing 1.04A with respect to his cervical, thoracic, or lumbar

spine impairments.

Plaintiff's objection regarding the failure to specifically discuss Listing 1.04 is overruled. The record supports the finding that Plaintiff has not shown that he met or medically equaled listing during the relevant period, and the Court agrees with the Magistrate Judge that procedural perfection was not required of the ALJ in finding against Plaintiff.

Next, the Court turns to Plaintiff's objection to the Magistrate Judge's findings that objective medical findings support the ALJ's RFC assessment. Plaintiff argues that the record contains no opinion regarding the functional limitations caused by his medically determinable severe impairments, and that the ALJ, in formulating his RFC finding, impermissibly attempted to glean for himself the effects of Plaintiff's impairments directly from the medical reports and treatment notes, overreaching his authority and exercising an expertise that the ALJ lacks.

As correctly noted by the Magistrate Judge, the ALJ retains the sole responsibility for determining an individual's RFC based on all of the relevant evidence, including the medical records, treating physician observations, and the claimant's descriptions of his limitations. *See Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p, 1996 WL 374184, at *5. In this case, the Magistrate Judge cited to numerous pages in the record to show the objective medical findings which support the ALJ's determination that Plaintiff could perform a modified range of light work. *See* Dkt. #19 at 7 (citing Tr. 27, 256, 259, 262, 333, 336, 345, 348, 351, 395-96, 339-400, 458-59). The ALJ was not required to accept Plaintiff's subjective

complaints over the objective medical evidence. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). "What [Plaintiff] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Substantial evidence supports the ALJ's RFC finding, and Plaintiff's objections regarding the RFC determination are overruled.

Finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS SO ORDERED.**

SIGNED this 23rd day of August, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE